UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                     )<br>)<br>JUSTIN NEVES,                                  )<br>)<br>                    Defendant              ) | 2:19-cr-00133-LEW |

**ORDER ON DEFENDANT'S MOTION REQUESTING A HEARING ON THE
PETITION FOR SUPERVISED RELEASE**

Last year, the FBI reached out to the U.S. Probation and Pretrial Services office with concerns about Defendant Justin Neves's possible involvement in drug activity. As a result, U.S. Probation Officer Kate Phillips (who had her own concerns), members of an FBI Task Force, and Old Orchard Beach police officers conducted a search of Neves's girlfriend's apartment. Immediately after the search, Probation arrested Neves for violating the conditions of his supervised release and petitioned for revocation of Neves's supervised release. Before the Court is Neves's Motion Requesting a Hearing (ECF No. 97) on the Amended Petition for Revocation of Supervised Release (ECF No. 91). For the following reasons, Neves's motion is DENIED.

### BACKGROUND

In December 2019, Defendant Neves was convicted of violating federal firearms law and sentenced to imprisonment followed by three years of supervised release (ECF No. 22). Two years into his release, Neves was arrested following a traffic stop where police found drugs on his person. Probation filed a Petition on Supervised Release Revocation

and the Court subsequently revoked Neves's supervised release (ECF No. 52). The Court again sentenced Neves to imprisonment followed by fourteen months of supervised release. *Id.* Neves was subject to several mandatory and special conditions of release. Most relevant here is that Neves was prohibited from: (1) committing federal, state, or local crimes, (2) consuming drugs such as opioids or cannabis, (3) refusing to allow a probation officer to search his possessions, and (4) owning or possessing a firearm and "knowingly be[ing] at any time in the company of anyone known by him to possess a firearm or other dangerous weapon." *Id.* at 6.

Neves began his second term of supervised release in January of 2024. Shortly after, Probation became concerned Neves had ties to a drive-by shooting and requested a modification of Neve's supervised release which was granted by the Court. A curfew was placed on Neves which was enforced by a location-monitoring ankle bracelet. (ECF No. 59). From the location-monitoring, Probation ascertained Neves spent most of his time at his girlfriend's house. Around the same time, Probation became aware, via police informants, that Neves had been identified as potentially possessing both a gun and drugs.

Believing Neves violated the conditions of his release, Probation officers, FBI agents, and Old Orchard Beach police conducted a probation search of Neves's girlfriend's house. The finer details of this day can be found in the Order on Defendant's Motion to Suppress in Neves's criminal case. 2:24-cr-90-LEW (ECF No. 82). In sum, the Government found a handgun and ammunition, which Neves's girlfriend claimed belonged to her, and three cellphones the FBI later searched pursuant to a warrant. Due to the results

of that search, Neves and his girlfriend now face separate criminal proceedings. *United States v. Neves*, No. 24-cr-00090-LEW.

The same day as the probation search, Probation arrested Neves and petitioned this Court to revoke Neves's supervised release. Pet. for Revocation of Supervised Release (ECF No. 58). The petition alleged Neves had violated his conditions of release by failing drug tests, refusing to allow probation to search any of the phones they found, and possessing a firearm. Magistrate Judge Karen Wolf held an Initial Appearance hearing where Neves was appointed counsel and ordered temporarily detained. After a week of detention, Neves appeared before Judge Wolf again. He waived his right to a preliminary revocation hearing and was ordered detained. Order as to Justin Neves (ECF No. 68).

Neves's Final Revocation Hearing was initially scheduled for May 29, 2024. But a week before, Neves submitted an Unopposed [First] Motion to Continue (ECF No. 80). In it, Neves waived his speedy trial rights and requested a six-week continuance in part because "[t]here have been preliminary discussions with the Government in this matter and it is expected that those conversations will continue." First Mot. to Continue ¶ 3. The hearing was rescheduled for July 16. A week before the July hearing, Neves filed his Second Motion to Continue (ECF No. 83). Neves again cited "continued discussions with the Government" as a basis for the continuance, and requested a hearing in September. Second Mot. to Continue ¶ 3.

The hearing was re-rescheduled for September 5. But on July 25, a grand jury indicted Neves based in part on evidence seized from the probation search. *United States v. Neves*, No. 24-cr-00090, ECF No. 1. Given the new criminal charges against him, Neves

3

filed a Third Motion to Continue (ECF No. 87). He noted "until there is a full review of discovery and a decision on how to proceed in the underlying criminal matter, having a hearing in the supervised release matter doesn't make logistical sense." Third Mot. to Continue ¶ 3. Neves again waived his speedy trial rights and requested a continuance until November which was granted.

A fourth date of March 6, 2025[1] was set for the final revocation hearing (ECF No. 93). Three days before that hearing the Government filed an amended petition (ECF No. 91). This petition—coming nearly seven months after Neves's indictment—added a new violation by contending Neves had committed a federal crime. As a result, the March 6 revocation hearing was cancelled. Neves now moves this Court to schedule his final revocation hearing imminently (ECF No. 97). The Government objects and requests the final revocation hearing be continued until Neves's underlying criminal case is resolved (ECF No 98). On March 14, 2025, Neve's also filed a First Objection to the Amended Petition (ECF No. 100).

## DISCUSSION

Neves's right to a timely supervised release hearing is guaranteed by due process rights articulated in the Federal Rules of Criminal Procedure. The Rules provide, that "[u]nless waived by the person, the court must hold the [final] revocation hearing within a reasonable time in the district having jurisdiction." Fed. R. Crim. P. 32.1(b)(2). "To demonstrate a violation caused by a delayed revocation hearing that justifies relief, the

---

[1] Although Neves requested a continuance until November, 2024, the large gap between Neves Third Motion to Continue and the hearing date was due to ongoing negotiations with Probation and Neves also requesting his supervised release hearing coincide with a suppression hearing in his separate criminal proceedings. *See* Def.'s Reply (ECF No. 99) ¶ 6.

defendant must show that the delay was unreasonable and prejudicial." *United States v. Torres-Santana*, 991 F.3d 257, 264 (1st Cir. 2021).

"In the absence of consent or some compelling reason for delay, an offender is entitled to the timely holding of a final revocation hearing." *United States v. Pagan-Rodriguez*, 600 F.3d 39, 42 (1st Cir. 2010). In this case, Neves consented to continuances that extended from late May of last year through early March of this year. The question remains whether the latest delay, prompted by the Government's amended revocation petition, was reasonable.

In *Pagan-Rodriguez*, the district court sua sponte continued a final revocation hearing indefinitely while state criminal proceedings were resolved. *Id.* at 41. The First Circuit found the continuance unreasonable, noting "supervised release is itself a valuable commodity, and a district court cannot leave an offender in limbo indefinitely while waiting for a state court to adjudicate a counterpart criminal charge." *Id.* at 42. The First Circuit concluded that where the defendant "did not consent to the delay" and the government did not "seek to postpone the hearing[,] there was no compelling reason to wait indefinitely for the counterpart criminal cases to run their course" and that the resulting delay "was objectively unreasonable." *Id.*

I find Neves's situation to be distinguishable. The two most critical reasons point to the lack of prejudice; i.e., that Neves has consented to the bulk of the delays and Neves's status as a pretrial detainee means he will be detained pending trial in any event and has no viable chance at present of returning to the status of a supervisee on pretrial release. *See United States v. Neves*, No. 24-cr-00090 (Order on Mot. for Detention Pending Trial, ECF

No. 12). Neves will remain incarcerated even if his revocation hearing was held tomorrow. And he can be credited for time served for his incarceration prior to his other criminal proceedings. As to the arguments Neves's raises on the viability of the evidence against him, that was grist for the pretrial detention hearing mill. I do not revisit it here.

Neves lastly argues "there are factors that exist in the supervised release revocation matter that may become stale with time." Def.'s Mot. at 4. In support of this, Neves merely states, "[t]wo of the allegations, counts three and four are solely based on the allegations of the individuals." *Id.* Count three of the amended petition charges Neves with possessing a firearm and count four with committing a federal crime. I do not think either accusation, at this date, rests solely on individual allegations. Rather, both revolve around the fruits of the probation search of Neves's girlfriend's apartment. In any event, Neves has offered no reason why the allegations of these individuals will become stale with time. As it stands, Neves will have an opportunity to fully confront these allegations at his criminal trial and possibly at a later revocation hearing.

## CONCLUSION

For the foregoing reasons, Neves's Motion Requesting a Hearing (ECF No. 97) on the Amended Petition for Revocation Supervised Release (ECF No. 91) is DENIED.[2] All

---

[2] Separately, Neves has filed an Objection (ECF No. 100) to the Motion for Revocation of Supervised Release. In it, he contends that the timing of the recent addition of the fourth alleged violation for commission of another federal crime is "constitutionally problematic." First Obj. at 1. Essentially, he contends that a hearing on his supervised release status is necessary so that he can discover any evidence potentially in Probation's possession but not known to the Government. I disagree with the idea that a criminal prosecution on charges resulting from a probation search requires a revocation hearing in advance of trial for *Brady* purposes. The concern at present is with justifying and not prolonging detention on a mere motion for revocation of supervised release. But where, as here, the defendant is subject to an intervening order of detention based on a finding of probable cause in support of new federal charges, that concern is obviated for present purposes. Furthermore, in this case Neves had the benefit of cross-
*(continued next page)*

other pending motions (ECF Nos. 91, 100) are continued.

**SO ORDERED.**

**Dated this 5th day of May, 2025.**

                                          **/s/ Lance E. Walker**
                                          **Chief U.S District Judge**

---

examining his probation officer at a hearing on his motion to suppress, which afforded him a fair opportunity to learn of facts within her knowledge and triggered the Government's production burdens. For present purposes, Neves's objection and final revocation hearing will be continued.